UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Nº 10-CV-5597 (JFB)

---

ROY BURVICK,

Petitioner,

VERSUS

WILLIAM D. BROWN,
SUPERINTENDENT,
EASTERN NEW YORK CORRECTIONAL FACILITY,

Respondent.

---

**MEMORANDUM AND ORDER**
July 9, 2013

---

JOSEPH F. BIANCO, District Judge.

Roy Burvick ("Burvick" or "petitioner") petitions this Court *pro se* for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to vacate his May 30, 2006 conviction. Petitioner pled guilty to robbery in the first degree, N.Y. Penal Law ("N.Y.P.L.") § 160.15(2). Petitioner was sentenced to a determinate term of fifteen years' imprisonment and five years' supervised release. Pursuant to the terms of his plea agreement, petitioner waived his right to appeal.

Petitioner now challenges his conviction, arguing that: (1) he was arrested without probable cause; (2) the vehicle search of the car in which he was a passenger did not satisfy the requirements for an inventory search; (3) his sentence should be reduced because it was harsh and excessive; and (4) his guilty plea was made involuntarily. Petitioner's claims regarding his arrest, the vehicle search, and the excessiveness of his sentence are procedurally barred. Petitioner's claims regarding his arrest and the vehicle search are also barred from review due to petitioner's guilty plea, and because petitioner had a full and fair opportunity to litigate these claims during a suppression hearing in state court. The Court has also reviewed petitioner's claims regarding the voluntariness of his plea and the excessiveness of his sentence and concludes they are without merit. Accordingly, the petition for a writ of habeas corpus is denied.

1

## I. BACKGROUND

### A. Facts

Under Nassau County Indictment Number 2495N-05, petitioner was charged with four counts of robbery in the first degree, N.Y.P.L. § 160.15(2), two counts of assault in the second degree, N.Y.P.L. § 120.05(2), and one count of attempted robbery in the first degree, N.Y.P.L. §§ 110.00, 160.15(2), in connection with the robbery of two bars in Nassau County.

On May 30, 2006, petitioner pled guilty to one count of robbery in the first degree pursuant to a plea agreement whereby the remaining charges were dismissed. (Plea Tr.[1] at 3.) Petitioner pled guilty to robbing a bar in West Hempstead, Nassau County on August 24, 2005. (*Id.* at 4-5.) Petitioner admitted that he, along with three co-defendants, assaulted patrons of the bar and stole money. (*Id.* at 5-6.) One of petitioner's co-defendants carried a gun, while petitioner carried a sledgehammer. (*Id.* at 7-8.) Although he did not plead guilty to any other crimes, petitioner also admitted that he participated in a robbery of a bar in Rockville Centre, Nassau County on May 14, 2005. (*Id.* at 8.)

During his plea, the court told petitioner that "as a condition of the plea and sentence promised you, you're asked to waive your right to appeal." (*Id.* at 11.) The court asked petitioner, "Are you willing to waive your right to appeal in this case, including the decision in the hearing you had, in return for the sentence promised you." (*Id.* at 12.) Petitioner responded, "Yes." (*Id.*) The court then asked petitioner, "Do you waive your right to appeal voluntarily, of your own free will?" Petitioner again responded "Yes." (*Id.*) The Court then informed petitioner: "As a condition of your plea of guilty, I have thus far promised to sentence you to a term of imprisonment of fifteen years. Upon your release, you'll have post-release supervision for five years. If you violate a condition of your release, you can be returned to prison. Do you understand?" Petitioner responded, "Yes." (*Id.*)

Because petitioner was only eighteen years old, petitioner's counsel asked the court to grant youthful offender treatment. (*Id.* at 14.) The Court replied that youthful offender treatment was not warranted "given the seriousness [of] the charges here, two robberies, armed, multiple perpetrators, assaults on patrons, including by [petitioner]." (*Id.*) Pursuant to the terms of the plea agreement, petitioner was sentenced on June 29, 2006, to a determinate term of imprisonment of fifteen years and a post-release supervision period of five years. (*See* Sentencing Tr.[2] at 5.)

### B. State Court Appeals

Petitioner appealed his conviction to the Appellate Division, Second Department, arguing that: (1) there was no probable cause to justify his arrest; (2) therefore, the evidence recovered from his vehicle as a result of his arrest should have been suppressed; and (3) the sentence was excessive. (*See* Br. For Def.-Appellant, Dec. 3, 2007, ECF No. 7-14.) On March 3, 2009, the Appellate Division unanimously affirmed petitioner's conviction and sentence, finding that petitioner's claims were foreclosed by his knowing, intelligent, and voluntary waiver of his right to appeal. *People v. Burvick*, 874 N.Y.S.2d 808, 809 (2d Dep't 2009).

On June 19, 2009, petitioner requested that the Court of Appeals grant him leave to appeal from the Appellate Division's

---

[1] "Plea Tr." refers to the plea trial transcript.

[2] "Sentencing Tr." refers to the sentencing transcript.

decision affirming his judgment. On August 17, 2009, the Court of Appeals denied leave to appeal. *People v. Burvick*, 13 N.Y.3d 742, 742 (2009).

On or about July 9, 2010, petitioner filed a New York Criminal Procedure Law § 440.20 motion to set aside his sentence, arguing that the sentence was improper because it resulted in a twenty-year prison sentence, which was beyond the statutory maximum permitted by law. Petitioner claimed that he should be sentenced to ten years of imprisonment and five years of post-release supervision. Moreover, petitioner claimed that the trial court failed to advise him as to the direct and collateral consequences of his post-release supervision. (*See* Sworn Aff. in Supp. of Mot., June 29, 2010, ECF No. 7-22.) The New York State Supreme Court denied petitioner's motion on August 10, 2010, holding that petitioner's sentence "was not unauthorized, illegally imposed, or otherwise invalid as a matter of law" and that petitioner's allegation that the court did not inform him regarding the post-release supervision component of his sentence was "conclusively refuted by the transcript of the plea proceeding." *People v. Burvick*, No. 2495N/2005 (N.Y. Sup. Ct. Aug. 10, 2010).

On August 27, 2010, petitioner requested that the Appellate Division grant him leave to appeal Supreme Court's denial of his § 440.20 motion. (Aff. in Supp. of Appl. For a Certificate of Leave to Appeal, Aug. 27, 2010, ECF No. 7-25.) On December 9, 2010, the Appellate Division denied petitioner's application for leave to appeal. (*People v. Burvick*, Decision & Order on Appl., Dec. 9, 2010, ECF No. 7-27.)

C. The Instant Petition

On November 29, 2010, petitioner filed the instant petition for a writ of habeas corpus. This Court issued an Order to Show Cause on December 8, 2010. Respondent filed his opposition on March 21, 2011. Petitioner submitted a reply on April 27, 2011. As discussed *infra*, petitioner has repeatedly filed motions to stay his petition so that he could exhaust a claim based upon the alleged joint representation of petitioner and a co-defendant by the same law firm. However, in a letter dated March 3, 2013, petitioner advised the Court that he no longer wishes to exhaust that claim. (ECF No. 18.) The Court has fully considered the submissions and arguments of the parties.

II. STANDARD OF REVIEW

To determine whether a petitioner is entitled to a writ of habeas corpus, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides, in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'Clearly established Federal law'" is comprised of "'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Green v. Travis*, 414 F.3d 288, 296 (2d Cir. 2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* at 413.

AEDPA establishes a deferential standard of review: "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.'" *Gilchrist v. O'Keefe*, 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams*, 529 U.S. at 411). Additionally, while "'some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" *Id.* (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)). Finally, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed *de novo*.'" *Dolphy v. Mantello*, 552 F.3d 236, 238 (2d Cir. 2009) (quoting *Spears v. Greiner*, 459 F.3d 200, 203 (2d Cir. 2006)).

III. DISCUSSION

Petitioner argues that he is entitled to habeas relief because: (1) he was arrested without probable cause; (2) the vehicle search did not satisfy the requirements for an inventory search; (3) his sentence was harsh and excessive and should be reduced; and (4) his guilty plea was made involuntarily. For the reasons set forth below, petitioner's request for a writ of habeas corpus is denied in its entirety.

First, the Court concludes that petitioner's claims regarding his arrest, the inventory search, and the excessiveness of his sentence are barred from federal habeas review because they were denied by the state courts based upon an adequate and independent state procedural ground, and the petitioner has provided no basis for overcoming that procedural bar.[3] Second, petitioner's claims regarding the suppression of evidence are also barred from review because (1) petitioner pled guilty, thus precluding this Court from reviewing any alleged constitutional violations that occurred before his plea, and (2) petitioner had a full and fair opportunity to litigate this

---

[3] It appears that petitioner's claim that his plea was not voluntary, knowing, and intelligent is procedurally barred in part because petitioner failed to fully raise this issue in his collateral state proceedings, arguing only that his plea was not intelligent because the court did not inform of the post-release-supervision component of his sentence. Petitioner did not argue that he was forced into a plea bargain, as he briefly mentions in his petition. However, respondent does not argue that this claim is procedurally barred. (*See* Resp't's Mem. at 9.) In an abundance of caution, the Court has reviewed the merits of petitioner's claim regarding his plea, and as discussed *infra*, finds this claim plainly without merit.

4

Fourth Amendment claim in state court during a suppression hearing. The Court has also considered petitioner's claims regarding the excessiveness of his sentence and the voluntariness of his plea on the merits and concludes that petitioner has failed to demonstrate any basis for habeas relief.

A. Procedural Bar

Respondent argues that three of petitioner's four claims are procedurally barred from habeas review by this Court. Specifically, respondent asserts that petitioner's claims that there was no probable cause for his arrest, that the vehicle search did not satisfy the requirements for an inventory search, and that his sentence was harsh and excessive are procedurally defaulted. The Court agrees. The Appellate Division's conclusion that petitioner's claims were unpreserved for its review was based on an independent and adequate state procedural ground, and thus, these claims are procedurally barred from habeas corpus review.

1. Legal Standard

A petitioner's federal claims may be procedurally barred from habeas corpus review if they were decided at the state level on independent and adequate state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). To be independent, the "state court must actually have relied on the procedural bar as an independent basis for its disposition of the case," *Harris v. Reed*, 489 U.S. 255, 261-62 (1989) (citation and internal quotation marks omitted), by "clearly and expressly stat[ing] that its judgment rests on a state procedural bar," *id.* at 263 (citation and internal quotation marks omitted). The procedural rule at issue is adequate if it is "'firmly established and regularly followed' by the state in question." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

The procedural bar rule in the review of applications for writ of habeas corpus is based on the "comity and respect" that state judgments must be accorded. *House v. Bell*, 547 U.S. 518, 536 (2006). The purpose of this rule is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Coleman*, 501 U.S. at 730-31. Generally, the Second Circuit has deferred to state findings of procedural default as long as they are supported by a "fair and substantial basis" in state law. *Garcia*, 188 F.3d at 78. However, there is a "small category" of "exceptional cases in which [an] exorbitant application of a generally sound [procedural] rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376, 381 (2002). Nevertheless, "principles of comity . . . counsel that a federal court that deems a state procedural rule inadequate should not reach that conclusion lightly or without clear support in state law." *Garcia*, 188 F.3d at 77 (citation and internal quotation marks omitted).

If a claim is procedurally barred, a federal habeas court may not review the claim on the merits unless the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner may demonstrate cause by showing one of the following: "(1) the factual or legal basis for a petitioner's claim was not reasonably available to counsel, (2) some interference

5

by state officials made compliance with the procedural rule impracticable, or (3) the procedural default was the result of ineffective assistance of counsel." *McLeod v. Graham*, No. 10 Civ. 3778, 2010 WL 5125317, at *3 (E.D.N.Y Dec. 9, 2010) (citing *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994)). Such prejudice can be demonstrated by showing that the error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Torres v. Senkowski*, 316 F.3d 147, 152 (2d Cir. 2003) (citation and internal quotation marks omitted). A miscarriage of justice is demonstrated in extraordinary cases, such as where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To overcome a procedural default based on a miscarriage of justice, petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 536-37.

2. Application

The Court concludes that petitioner's claims regarding his arrest, the inventory search, and the excessiveness of his sentence are procedurally barred because they were decided at the state level on adequate and independent state procedural grounds.

The Appellate Division held that petitioner's "valid and comprehensive waiver of his right to appeal forecloses appellate review of the denial of that branch of his omnibus motion which was to suppress physical evidence." *Burvick*, 874 N.Y.S.2d at 809 (citing *People v. Kemp*, 94 N.Y.2d 831 (1999); *People v. Morales*, 860 N.Y.S.2d 750 (2d Dep't 2008); *People v. Cardona*, 856 N.Y.S.2d 888 (2d Dep't 2008)). Further, the Appellate Division determined that petitioner's waiver of his right to appeal also precluded review of his claim that the sentence imposed was excessive. *See id.* (citing *People v. Lopez*, 6 N.Y.3d 248, 256-57 (2006); *People v. Taubenkraut*, 849 N.Y.S.2d 896 (2d Dep't 2008)). Accordingly, the Appellate Division relied on an independent state procedural ground barring claims that do not relate to the voluntariness of a defendant's plea or the legality of his sentence when there has been a valid waiver of the right to appeal.

This rule is an adequate procedural ground because it is firmly established and regularly followed. *See Lopez*, 6 N.Y.3d at 256 ("[W]hen a defendant enters into a guilty plea that includes a valid waiver of the right to appeal, that waiver includes any challenge to the severity of the sentence."); *Kemp*, 94 N.Y.2d at 833 (holding that the valid waiver of the right to appeal encompasses review of a pretrial suppression ruling); *Morales*, 860 N.Y.S.2d at 750 ("The defendant's valid and comprehensive waiver of his right to appeal forecloses appellate review of the denial of those branches of his omnibus motion which were . . . to suppress physical evidence."); *Cardona*, 856 N.Y.S.2d at 888 ("The defendant's valid waiver of his right to appeal forecloses appellate review of his challenges to the Supreme Court's suppression determination."); *Taubenkraut*, 849 N.Y.S.2d at 897 ("The defendant's valid and unrestricted waiver of his right to appeal, as part of his plea agreement, precludes appellate review of his claims that the sentence imposed was excessive."). Federal courts have held that New York law allowing defendants to waive their right to appeal as part of a plea agreement, as long as the waiver is made voluntarily and is knowing and intelligent, is an adequate and independent state ground that bars habeas review, and this Court agrees with those

decisions. *See, e.g.*, *Morales v. Woughter*, No. 09-CV-909, 2010 WL 2399992, at *4 (E.D.N.Y. June 10, 2010); *Riley v. Goord*, No. 02 Civ. 5884, 2003 WL 22966278, at *6 (S.D.N.Y. Dec. 16, 2003).

Therefore, the Court can review these claims only if petitioner demonstrates cause for the default and prejudice resulting therefrom, or shows that a miscarriage of justice would result if the Court did not review the claims, *i.e.* that he is actually innocent of the crimes for which he was convicted.[4] *See Coleman*, 501 U.S. at 748-51; *Murray*, 477 U.S. at 496. Petitioner has failed to meet this burden. First, petitioner does not claim that he is actually innocent. *See House*, 547 U.S. at 536-40. Further, petitioner has not demonstrated good cause for the default because it is apparent that both his plea and the waiver of his right to appeal were voluntary and knowing, as discussed *infra*. *See Alvarez v. Yelich*, No. 09-CV-1343, 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012). Thus, the Court concludes that petitioner has failed to show cause for the default and prejudice resulting therefrom, or a miscarriage of justice. Accordingly, petitioner's claims are procedurally barred from review.

B. Petitioner's Fourth Amendment Claims May Not Be Reviewed by This Court

Petitioner's two claims alleging that his Fourth Amendment rights were violated because there was no probable cause for his arrest and the vehicle search was improper also cannot be reviewed by this Court because (1) petitioner pled guilty, thus resolving any constitutional questions bearing on factual guilt, and (2) petitioner received a full and fair opportunity to litigate this issue in state court.

---

[4] Petitioner does not allege that the application of the procedural rule would be exorbitant in this case.

1. Petitioner's Guilty Plea Bars Review

A petitioner who pleads guilty forfeits the right to argue issues collateral to the guilty plea. "State law treats a guilty plea as 'a break in the chain of events [that] preceded it in the criminal process.'" *Haring v. Prosise*, 462 U.S. 306, 321 (1983) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Therefore, a plea of guilty "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006). In other words, once a defendant has admitted guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett*, 411 U.S. at 267. Therefore, "'[t]he only proper focus of a federal habeas inquiry in such a situation is the voluntary and intelligent character of the guilty plea,'" *Amparo v. Henderson*, No. CV 86-4310, 1989 WL 126831, at *2 (E.D.N.Y. Oct. 18, 1989) (quoting *Isaraphanich v. United States*, 632 F. Supp. 1531, 1533 (S.D.N.Y. 1986)), because a petitioner's claims regarding constitutional violations that occurred before his plea can only be successful if the petitioner establishes that they might have affected the voluntariness of his plea, *see id.* These alleged prior constitutional violations may play a part in evaluating whether a guilty plea "'represent[ed] a voluntary and intelligent choice among the alternative courses of action'" open to a petitioner. *Id.* (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

Given petitioner's guilty plea on the robbery charge, the question of petitioner's factual guilt has been resolved, and petitioner may not challenge whether his arrest and the vehicle search violated the

Fourth Amendment. Furthermore, as discussed *infra*, petitioner has introduced no evidence that his guilty plea was not voluntary, knowing, and intelligent that could allow this Court to review the constitutionality of the arrest and search. Accordingly, these two claims are also barred from review on this ground.[5]

### 2. Petitioner's Full and Fair Opportunity to Litigate These Claims in State Court Bars Review of This Claim

As a threshold matter, it is well-settled that "[w]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). The Second Circuit has further explained that, under *Powell*, "review of fourth amendment claims in habeas petitions would be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830, 839-40 (2d Cir. 1977) (en banc)). Courts have viewed such a breakdown to occur when the state court "failed to conduct a reasoned method of inquiry into the relevant questions of fact and law." *Id.* at 71 (citations and internal quotation marks omitted).

Petitioner has had a full and fair opportunity to litigate these claims in state court. As an initial matter, it is clear that New York has adequate corrective procedures, which are set forth in New York Criminal Procedure Law § 710.10, *et seq.*, for litigation Fourth Amendment claims. *See, e.g., Capellan*, 975 F.2d at 70 n.1 ("[T]he 'federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate.'" (quoting *Holmes v. Scully*, 706 F. Supp. 195, 201 (E.D.N.Y. 1989))); *see also Montero v. Sabourin*, 02 CIV. 8666, 2003 WL 21012072, at *5 (S.D.N.Y. May 5, 2003) ("It has long been acknowledged that New York provides adequate procedures under C.P.L. § 710 *et seq.*, for litigating Fourth Amendment claims."). Moreover, in the instant case, there is absolutely no evidence of an unconscionable breakdown in the underlying process. To the contrary, after the petitioner and his co-defendants

---

[5] If the plea was "entered upon the advice of counsel," the Court must also determine whether the advice constituted ineffective assistance of counsel. *Amparo*, 1989 WL 126831, at *2. Citing the Supreme Court's well-established standard for ineffective assistance of counsel as set out in *Strickland v. Washington*, 466 U.S. 668 (1984), the Second Circuit has stated that to demonstrate ineffective assistance of counsel in the context of a guilty plea, "a petitioner must demonstrate that counsel's representation [] fell below an objective standard of reasonableness," and that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Munson v. Rock*, Nos. 11-2943-pr, 11-3516-pr, 2013 WL 57867, at *2 (2d Cir. Jan. 7, 2013). Petitioner has briefly alleged that he was "forced" and "coerced" into a plea bargain by his attorney. (Pet'r's Mem. at 1.) However, petitioner has not provided any support for this assertion or introduced any facts that could even suggest that his counsel's performance fell below an objective standard of reasonableness. Furthermore, it appears unlikely that petitioner could even plausibly claim that he would not have pled guilty despite his counsel's advice, as his letters to the Court have indicated that he does not wish to have his plea withdrawn but merely to have his sentence reduced, and that he in fact fears that his sentence could be increased. Therefore, even drawing all reasonable inferences in petitioner's favor, there is absolutely no indication that petitioner could plausibly allege an ineffective assistance counsel claim regarding his plea.

8

filed a motion to suppress, the court conducted a pretrial suppression hearing. At the hearing, each attorney for all of the co-defendants had an opportunity to cross-examine the State's witnesses. After the hearing, the court ruled that the stop and search of the car were lawful. Thus, the record reveals no "'disruption or obstruction of a state proceeding' typifying an unconscionable breakdown," *Capellan*, 975 F.2d at 70 (quoting *Shaw v. Scully*, 654 F. Supp. 859, 864 (S.D.N.Y. 1987)). Rather, the record clearly establishes that the state court conducted a reasoned and thorough method of inquiry into the relevant facts. Petitioner has thus had an opportunity for full and fair litigation of the claim and may not raise it on federal habeas review. *See, e.g.*, *Singh v. Miller*, 104 F. App'x 770, 772 (2d Cir. 2004); *Garret v. Smith*, No. 05-CV-3374, 2006 WL 2265094, at *8 (E.D.N.Y. Aug. 8, 2006).

C. Merits

As previously discussed, in an abundance of caution, this Court has reviewed petitioner's claims regarding the voluntariness of his plea and the excessiveness of his sentence on the merits. For the reasons set forth below, these claims are without merit and do not provide any basis for habeas relief.

1. Voluntariness of Petitioner's Guilty Plea

a. Legal Standard

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citations and internal quotation marks omitted)); *see also Parke v. Raley*, 506 U.S. 20, 28-29 (1992) (plea is valid when it is both knowingly and voluntarily made). Where "a defendant is represented by counsel during the plea process, and enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (internal citation and quotation marks omitted).

The Supreme Court has held that, under the Due Process Clause of the United States Constitution, a trial court can only accept a guilty plea which is done "voluntarily, knowingly, and intelligently, with sufficient awareness of relevant circumstances and likely consequences." *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) (citations and internal quotation marks omitted); *accord Godinez v. Moran*, 509 U.S. 389, 400 (1993). While a guilty plea "is not ordinarily subject to collateral attack," it "may be collaterally attacked if it was not knowing or not voluntary . . . ." *Salas v. United States*, 139 F.3d 322, 324 (2d Cir. 1998); *see also U.S. ex rel Scott v. Mancussi*, 429 F.2d 104, 107 (2d Cir. 1970) ("[A] conviction which is based upon an involuntary plea of guilty is inconsistent with due process of law and is subject to collateral attack by federal habeas corpus.").

"A plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a rudimentary way,' and it is considered 'voluntary if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.'" *Manzullo v. New York*, No. 07 CV 744, 2010 WL 1292302, at *5 (E.D.N.Y. Mar. 29, 2010) (quoting *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988)). Indeed, a "plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by

9

threats, misrepresentations, or perhaps by promises that are by their nature improper . . . ." *Bousley v. United States*, 523 U.S. 614, 619 (1998) (alterations, citation, and internal quotation marks omitted).

b. Application

Petitioner contends that he did not fully understand the plea agreement prior to entering his guilty plea. Specifically, petitioner argues that he believed the plea would result in a sentence of fifteen years inclusive of post-release supervision.[6] (Pet'r's Mem. at 1-4.) The Court finds petitioner's argument unpersuasive.

Upon review of the plea transcript, it is apparent that petitioner was aware that post-release supervision would be added to the fifteen year prison sentence. At the outset of the plea proceedings, the state court advised petitioner that he should speak with his attorney before answering the court's questions. (Plea Tr. at 3.) The court advised petitioner that he had the right to a trial by jury as well as the right to appeal, but that those rights would be waived by entry of a guilty plea. (*Id.* at 10-11.) Petitioner acknowledged that he was pleading guilty voluntarily and of his own free will. (*Id.* at 13.) Additionally, the court advised petitioner of the sentence it intended to impose following petitioner's plea of guilty, and petitioner acknowledged that that sentence was the only commitment that had been made to him. (*Id.* at 12.) Specifically, the court engaged in the following colloquy with petitioner after petitioner's lawyer expressed petitioner's desire to plead guilty:

---

[6] Petitioner also briefly mentions that he was coerced into a plea bargain by his counsel. (*See* Pet'r's Mem. at 1.) Petitioner does not provide any support for this conclusory allegation, and thus, the Court finds it to be without merit for the reasons discussed *supra* n.5.

The Court: That's fifteen years in prison followed by five years of post-release supervision. Post-release supervision means when you're released, you're released under the supervision of the Parole Board and must meet certain conditions and, of course, not to engage in further criminal conduct. If you violate the terms of your release, you'll go to prison. Do you understand?

Petitioner: Yes.

(*Id.* at 2-3.) Thus, it is abundantly clear from the transcript that the petitioner was told that the fifteen years of imprisonment would be separate from the five years of post-release supervision.

In light of the statements set forth in the transcript from the plea, petitioner's unsupported claim that his guilty plea was not knowing and intelligent does not warrant habeas relief. A criminal defendant's self-inculpatory "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) (citations omitted). Considering the great weight given to a defendant's statements made during his plea, petitioner has failed to demonstrate that his current allegations merit serious consideration. Therefore, the Court finds that petitioner's guilty plea was voluntary, knowing, and intelligent, and that to the extent the state court resolved whether petitioner's plea was knowing and intelligent, the state court's decision was not contrary to, or an unreasonable application of clearly established federal law, nor is it based on an unreasonable determination of the facts.

## 2. Excessive Sentence

In this case, petitioner was sentenced to fifteen years for robbery in the first degree, followed by five years of post-release supervision. Petitioner argues that the sentence imposed was unauthorized, illegally imposed, or otherwise invalid as a matter of law. Specifically, he asserts that his sentence totals twenty years, when the five years of post-release supervision is added to the fifteen years of incarceration. (Pet'r's Mem. at 1-2.) Petitioner is plainly incorrect in his assertion that the five year post-release supervision makes his sentence twenty years, thereby exceeding the maximum sentence allowed under the statute.

"In 1998, the New York Penal Law was amended to provide that individuals who committed felonies after September 1, 1998, and who were sentenced to a determinate sentence of incarceration, would also receive a *mandatory* term of post-release supervision." *Van Gorden v. Superintendent*, No. 03-CV-1350, 2007 WL 844901, at *10 (N.D.N.Y. Mar. 19, 2007) (citing N.Y.P.L. § 70.45(1)). In this case, as in *Van Gordon*, the trial court judge informed petitioner, at sentencing, that the sentence included five years of post-release supervision. (Sentencing Tr. at 5.) "The statute is quite clear that the periods of post-release supervision are *mandatory* and are *in addition to* the determinate sentence of incarceration imposed." *Van Gorden*, 2007 WL 844901, at *10.[7]

For the purpose of habeas review, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F. 2d 1381, 1383 (2d Cir. 1992); *see also Alfini v. Lord*, 245 F. Supp. 2d 493, 502 (E.D.N.Y. 2003) ("It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." (collecting cases)); *McCalvin v. Senkowski*, 160 F. Supp. 2d 586, 589 (S.D.N.Y. 2001) ("Sentencing decisions are not cognizable on habeas corpus review unless the sentence imposed falls outside the range prescribed by state law."); *Thomas v. Senkowski*, 968 F. Supp. 953, 956-57 (S.D.N.Y. 1997) (dismissing excessive sentence claim where the petitioner's sentence fell within the range prescribed by state law).

Petitioner pled guilty to robbery in the first degree, which carries a sentencing range of a minimum of five years imprisonment and a maximum of twenty-five years imprisonment. *See* N.Y.P.L. § 70.02(3)(a)(i). Since petitioner's sentence was within the statutorily prescribed range, and petitioner was clearly advised that he would receive a term of five-years supervised release *in addition to* his fifteen year prison sentence, there is no federal question for habeas review.

## D. Motions to Stay

Petitioner has repeatedly filed motions to stay this case, arguing that he has obtained newly discovered evidence. (*See* ECF Nos. 12, 15, 16.) Specifically, on November 9, 2012, petitioner informed the Court that he and his co-defendant were both represented by attorneys from the same law firm. (*See* ECF No. 16.) Petitioner claims that he only recently received the retainer agreements from his mother. (*Id.*) However, in a letter dated March 3, 2013, petitioner advised the Court that he no longer wishes a stay to exhaust this claim because he is concerned that he could receive a higher sentence. (*See*

---

[7] The statute states, *inter alia*, that "[t]he period of post-release supervision for a determinate sentence . . . shall be five years." N.Y.P.L. § 70.45(2).

ECF No. 18 ("Furthermore Judge Bianco I don[']t want to submit[] the CPL 440.10 to reserve the issue because Judge Dinnino stated I could possibly receive more time. So therefore could you please make a decision on the harsh and excessive post release supervision being included a part there of my sentence. I would take a modification of less time for the constitutional violations.").) Even assuming petitioner is continuing to request a stay in the alternative, the Court denies that request because, as set forth below, there are insufficient grounds for a stay.

When a petitioner has brought a habeas corpus petition in federal court that contains both exhausted and unexhausted claims, a district court has "authority to issue stays where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal citation omitted). However, "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings [and] . . . undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. Accordingly, "stay and abeyance should be available only in limited circumstances." *Id.* A petitioner must demonstrate that: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court;" (2) petitioner's claim is not "plainly meritless"; and (3) petitioner has not engaged in "intentional delay." *Id.* at 277-78; *see also Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir. 2009).

The Court finds that petitioner has not established "good cause" for his failure to raise this issue in state court. "District courts in this circuit have found that in order to demonstrate good cause, a petitioner must show that "some factor external to the petitioner gave rise" to his failure to assert the claims in state court." *Nieves v. Conway*, 09-CV-3710, 2011 WL 2837428, at *2 (E.D.N.Y. July 14, 2011) (collecting cases). Although petitioner claims that these are "newly discovered facts," petitioner submitted to this Court a retainer agreement that both he and his co-defendant signed in 2005 which clearly establishes that petitioner knew the same law firm would represent him and his co-defendant. (*See* ECF No. 18.) In addition, petitioner does not explain why it took him years to receive a copy of this agreement from his mother. Accordingly, because petitioner knew in 2005 that he had signed an agreement with his co-defendant to be represented by the same law firm, and, thus, petitioner has not shown that an "external" factor gave rise to his failure to exhaust, petitioner has not established good cause for his failure to exhaust this claim in state court. *C.f. Jimenez v. Graham*, No. 11-CV-6468, 2011 WL 6287999, at *4 (S.D.N.Y. Dec. 14, 2011) (finding that petitioner had demonstrated good cause for failure to exhaust when the evidence was only recently discovered by a third-party advocacy organization).

In addition, any such stay would be futile because the sole relief afforded by CPL § 440.10 is vacatur of a defendant's judgment, and not a modification of his sentence, which is the only relief that petitioner is seeking. *See* C.P.L. § 440.10(1) ("At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that . . . .").

In any event, a stay is unwarranted because the claim is plainly meritless. In order to prevail on a Sixth Amendment claim based upon a conflict of interest

arising from joint representation, a petitioner must show some specific instance of prejudice resulting from the joint representation. *See Smith v. Regan*, 583 F.2d 72, 76 (2d Cir. 1978) ("The important point for present purposes is that to be entitled to relief on grounds of ineffective assistance of counsel arising out of joint representation it must appear that there was an actual or potential conflict of interest between the defendants and some specific instance of prejudice resulting from joint representation."); *see also Quinones v. Miller*, 224 F. App'x 44, 46 (2d Cir. 2007) (summary order) ("To establish a violation of this [Sixth Amendment] right, a habeas petitioner must demonstrate that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance.") (alterations, citations and internal quotation marks omitted); *accord People v. Konstantinides*, 14 N.Y.3d 1, 10-11 (2009). Here, petitioner has not pointed to any adverse effect the alleged joint representation had on his lawyer's performance. In fact, respondent argues:

> [T]he plea bargain negotiated by Bell, which permitted petitioner to plead guilty to one count of robbery in the first degree in exchange for a determinate sentence of fifteen years in prison and five years post-release supervision, was exceedingly reasonable as well as highly favorable to petitioner, who was indicted for seven crimes, including four counts of robbery in the first degree and two counts of assault in the second degree. For each robbery charge alone, petitioner faced a period of up to twenty-five years' imprisonment; moreover, because the indictment encompassed two separate incidents, the sentencing court would have been free to hand down consecutive sentences if petitioner had been convicted of all charges.

(Resp't's Letter, Nov. 15, 2012, at 2 (citations omitted).) The Court agrees. The effectiveness of his attorney's representation in connection with the negotiation of this plea is best illustrated by the fact that petitioner does not want to vacate the plea, but simply wants a lower sentence (even though there is no legal basis for such relief). Thus, the claim is plainly meritless.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the petitioner has demonstrated no basis for habeas relief under 28 U.S.C. § 2254. All of petitioner's claims are either barred from review or plainly without merit. Therefore, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

July 9, 2013
Central Islip, NY


\* \* \*

Petitioner is proceeding *pro se*. Respondent is represented by Kathleen M. Rice, by Tammy J. Smiley and Laurie K. Gibbons,

Nassau County District Attorney's Office,
262 Old Country Road, Mineola, NY 11501.